IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley Linder, #137337, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Maverick Wilson; Angelena Brown; )<br>Tonya James; and Mr. Sgt. Thomas, )<br>)<br>Defendants. ) | C/A No.: 1:16-754-RMG-SVH<br><br>**DEFENDANT TONYA JAMES'<br>MOTION TO DISMISS IN LIEU OF<br>ANSWER TO PLAINTIFF'S<br>COMPLAINT** |

Defendant Major Tonya James, as an employee of the South Carolina Department of Corrections, comes before this Court on a Motion to Dismiss requesting an Order dismissing all claims against her in her individual and official capacity based on Sovereign Immunity and Qualified Immunity, more fully explained below.[1]

The present Complaint involves a *pro se* prisoner claim filed under 42 U.S.C. § 1983 against a former postal employee for the South Carolina Department of Corrections ("SCDC") along with related claims against an SCDC Disciplinary Officer and two supervising officials employed at the Wateree River Correctional Institution. (*See*, Complaint, Docket Entry #1) In short, the Plaintiff alleges that on or about October 13, 2015, Defendant Maverick Wilson improperly opened the Plaintiff's legal mail and incorrectly charged the Plaintiff with "smuggling in contraband and conspiracy to smuggle contraband" into a Correctional Institution. The Plaintiff further claims that Defendant Angelia Brown, who was serving as a Disciplinary Hearing Officer for SCDC, improperly found the Plaintiff guilty of contraband charges resulting in the loss of canteen, visitation and telephone privileges while the Plaintiff was placed on "lock-

---

[1] These Defendants are informed and believe that the Plaintiff has failed to perfect service on Defendants Maverick Wilson and Mr. Sgt. Thomas at the present time. Counsel therefore reserves the right to file a Motion to Dismiss these Defendants should Plaintiff fail to comply with Rule 4(m) of the Federal Rules of Civil Procedure. Defendant Angelia Brown has filed an Answer to the Plaintiff's Complaint.

up" for ninety (90) days.  The allegations against Defendants James and Thomas are less clear and appear to name James and Thomas in their supervisory capacity on the grounds that they were responsible for implementing and enforcing SCDC Policies and Procedures for inmate legal mail within the Department of Corrections.  Plaintiff's Complaint does not appear to state any direct allegations against Defendants James or Thomas in their individual capacity.

## STANDARD OF REVIEW

Defendant Tonya James recognizes that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and that a Federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89(2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Cruz v. Beto, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently recognizable in a Federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## THE ELEVENTH AMENDMENT

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment … neither a State nor its officials in their official capacity may be sued for damages in Federal court without their consent." Gamache v. Cavanaugh, 82 F.3d 410 at *1 (4th Cir. 1996) (unpublished table decision); see also, LCS Servs., Inc. v. Hamrick, 948 F.2d 1281 at *2 (4th Cir. 1991) (unpublished table decision) ("The Eleventh Amendment precludes Federal courts from hearing suits against states.").

The State of South Carolina has not consented to suit in Federal court. See, S.C. Code § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in Federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."); see also, Stewart v. Beaufort Cnty., 481 F. Supp. 2d 483, 493 (D.S.C. 2007); Pringle v. S.C. Ret. Sys., 2007 WL 295626 at *5 (D.S.C. Jan. 29, 2007). As the District Court has ruled on many occasions, an agency of state government, such as the South Carolina Department of Corrections, is a part of the state for purposes of the Eleventh Amendment and is, therefore, "immune from suit under 42 U.S.C. § 1983 under the Eleventh Amendment to the United States Constitution." See, Collins v. S.C. Dep't of Corr., 2007 WL 1381522 at *2 (D.S.C. May 4, 2007); Fla. Dept. of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n, 450 U.S. 147 (1981); Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459 (1945).

Eleventh Amendment protection from damages suits also applies to state employees acting in their official capacities as "arms of the State." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). The Eleventh Amendment, however, generally does not bar suits for damages against state officers, so long as those officers are sued in their individual capacities. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). "The course of proceedings" in such cases typically will indicate the nature of the liability sought to be imposed. Id. at 167 n.14 (quoting Brandon v. Holt, 469 U.S. 464 (1985)). Official capacity suits are those that entertain the constitutionality of an entity's policy or custom. Kentucky v. Graham, 473 U.S. at 166.

Plaintiff's Complaint only appears to articulate claims against Defendant Tonya James in her official capacities as a Major having supervisory responsibilities within SCDC. Plaintiff has not made any specific, personal allegations against Defendant James, and to the extent that Plaintiff is alleging that Defendant James is liable for SCDC's "Legal Mail" or "Disciplinary" Policy, those allegations involve questions of the SCDC's policies or customs. In such circumstances it appears that Defendant James is merely being sued as an "arm of the State" and "the action is in essence one for the recovery of money from the state." See, Ford, 323 U.S. at 464. Therefore, sovereign immunity applies in this instance, and this Court lacks jurisdiction to hear claims against Defendant James in her official capacity.

## **QUALIFIED IMMUNITY**

To the extent that the Plaintiff has articulated any claims against Defendant James in her individual capacity, those also fail as a matter of law. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Plaintiff has not presented any evidence within the four corners of his Complaint to suggest that Defendant James violated any of Plaintiff's "clearly established statutory or constitutional rights." Plaintiff has certainly not alleged that Tonya James was personally involved in some type of alleged assault or deprivation of medical care. Plaintiff's Complaint only mentions Defendant James in relation to activities involving her discretionary functions as a Major for the Wateree River Correctional Institution, namely implementing the Institution's policies related to the legal mail within a prison. Therefore, Defendants James is entitled to qualified immunity, and dismissal of the case in her favor is appropriate.

## *RESPONDEAT SUPERIOR*

If and to the extent that Plaintiff alleges that Defendant James is liable under a theory of *respondeat superior* for the actions of SCDC employees, it is well established that the doctrine is generally inapplicable to § 1983 suits. See, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Trulock v. Freeh, 275 F.3$^d$ 391, 402 (4th Cir. 2001); Samuel v. Ozmint, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008); Monell v. Dept. of Soc. Servs, 436 U. S. 658, 694 (1978); Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Because vicarious liability is generally inapplicable in § 1983 cases, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. While Fourth Circuit precedent recognizes that supervisory officials may be held liable in some circumstances for constitutional injuries directly inflicted by their subordinates (See, Shaw v. Stroud, 13 F.3$^d$ 791, 798 (4th Cir. 1994)), certain criteria must be demonstrated to trigger such liability. A Plaintiff must show that the supervisory official, (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inactions and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3$^d$ 215, 221 (4th Cir. 1999).

Plaintiff's Complaint does not allege that Defendant James was personally responsible for any of the alleged incidents. His Complaint failed to demonstrate a cognizable constitutional claim against Defendant James or any constitutional injury resulting from the same. Further, lawful "incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," Sweet v. S. Carolina Dept. of Corr., 529 F.2d 854, 859 (4th Cir. 1975) (quoting Pell v. Procunier, 417 U.S.

817, 822 (1974)). For those reasons, Plaintiff cannot show that Defendant Major Tonya James is liable on a theory of *respondeat superior* or supervisory liability.

For the above noted reasons, the Defendant Major Tonya James hereby requests an Order dismissing her from the present case.

Respectfully submitted this 27th day of April, 2016.

                                        RICHARDSON, PLOWDEN & ROBINSON, P.A.

                                        By:   s/ Drew Hamilton Butler
                                                 Drew Hamilton Butler (Federal ID # 8083)
                                                 John H. Guerry (Federal ID # 12155)
                                                 Caleb M. Riser (Federal ID # 10666)
                                                 PO Box 21203
                                                 Charleston, South Carolina 29413
                                                 dbutler@richardsonplowden.com
                                                 jguerry@richardsonplowden.com
                                                 criser@richardsonplowden.com
                                                 Phone: (843) 805-6550

CERTIFICATE OF SERVICE

      I, the undersigned employee of the law offices of Richardson Plowden & Robinson, P.A, do hereby certify that on the 27th day of April I have served a copy of the foregoing pleading in connection with the above-referenced case by electronic mail as agreed and/or by placing the same in the United States mail, postage paid to the following:

Stanley D. Linder #137337
Kershaw Correctional Institution
4848 Gold Mine Hwy
Kershaw, SC 29067

By: s/ Drew Hamilton Butler
Drew Hamilton Butler