IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley Linder, | ) | C/A No.: 1:16-754-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Maverick Wilson; Angelena Brown; | ) | |
| Tonya James; and Sgt. Thomas, | ) | |
| | ) | |
| Defendants. | ) | |

Stanley Linder ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights during his incarceration at Wateree Correctional Institution ("WCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff asserts claims against current and former WCI employees Maverick Wilson, Angelena Brown, Tonya James, and Sgt. Thomas ("Defendants").

This matter comes before the court on James's motion to dismiss. [ECF No. 18]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to James's motion. [ECF No. 19]. The motion having been fully briefed [ECF No. 27], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the record in this case, the undersigned

recommends the district judge grant James's motion to dismiss.

I.   Factual Background

Plaintiff alleges that Wilson, the former WCI mailroom attendant, opened legal mail he received from the United States Supreme Court, placed contraband in the envelope, and then charged Plaintiff with smuggling in contraband. [ECF No. 1 at 3]. Plaintiff alleges disciplinary hearing officer Brown sanctioned him to 90 days' loss of privileges. *Id*. Plaintiff alleges that the warden eventually investigated and overturned Plaintiff's sanctions. *Id*. at 3–4. With regard to James, Plaintiff alleges only that she "backed" Wilson and alleges James was "associated with fabricating this charge." *Id*.

II.  Discussion

   A.   Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is

charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Eleventh Amendment Immunity

James argues that, to the extent Plaintiff sues her for monetary damages in her official capacity, she is immune from suit. [ECF No. 58-1 at 2–3]. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.,* 242 F.3d 219, 222 (4th Cir. 2001). When acting in her official

capacity, James is an arm of the state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants").

        2.        Supervisory Liability

James argue she must be dismissed because Plaintiff makes no allegations against her and she cannot be held liable on a theory of *respondeat superior* in a § 1983 case. The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of her employees, absent an official policy or custom that results in illegal action. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Fisher v. Wash. Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985).

Plaintiff has not alleged that James was personally responsible for the incident at issue or acted in any way other than a supervisory role. Further, Plaintiff has not shown that James was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of any of Defendants. In his response to summary judgment, Plaintiff only alleges that James "is a high rank contraband security officer." Plaintiff has failed to

show that James is individually liable or liable on a theory of respondeat superior, and the undersigned recommends James's motion to dismiss be granted. [ECF No. 18].

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant James's motion to dismiss.

IT IS SO RECOMMENDED.

August 2, 2016                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).