IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Stanley Linder, | ) | Case No.: 1:16-cv-754-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Maverick Wilson, Angelena Brown, and Sgt. Thomas, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action alleging that Defendants violated his constitutional rights during his incarceration at Wateree Correctional Institution. This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 58) recommending that the Court grant Defendants' motion for summary judgment as to all federal claims (Dkt. No. 34) and decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c), as it appears Plaintiff prefers to pursue those claims in state court. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court, grants Defendants' motion for summary judgment, and declines to exercise jurisdiction over any state law claims.

**I.  Legal Standards**

   **a. *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal

claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### c. Summary Judgment

A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

## II. Discussion

The Magistrate Judge has adequately summarized Plaintiff's allegations in the R. & R., so this Court need not repeat them here. (Dkt. No. 58 at 2-3.) The Magistrate has explained that Defendants are entitled to summary judgment on Plaintiff's constitutional claims involving the opening of his legal mail, his sanctioned housing in the Special Housing Unit, and his allegation that an officer planted contraband in his mail. Plaintiff has not filed any objections to the R. & R. This Court finds that the Magistrate has correctly applied the controlling law to the facts of this case.

## III. Conclusion

For the reasons set forth above, this Court adopts the R. & R., GRANTS Defendants' motion for summary judgment (Dkt. No. 34) as to all federal claims, and declines to exercise supplemental jurisdiction over any state law claims as it appears Plaintiff wishes to pursue those claims in state court.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June __/6__, 2017
Charleston, South Carolina